# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.                                                                                                      No. CR 06-2403 RB

**PAUL OTHELLO SMALLS,**
**GLENN DELL COOK,**
**a/k/a "Deuce," and**
**WALTER MELGAR-DIAZ,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Cook's Motion to Dismiss Indictment Without Prejudice on the Basis that the Current United States Attorney Has Been Unconstitutionally Appointed (Doc. 227), filed on February 12, 2008. Having considered the arguments of counsel, relevant law, and being otherwise fully informed, I deny the motion.

**I.**     **Background concerning the United States Attorney for the District of New Mexico.**

Former United States Attorney David C. Iglesias resigned his position effective February 28, 2007. (Pl.'s Resp. at 5.) Following Mr. Iglesias' resignation, First Assistant United States Attorney Larry Gomez became Acting United States Attorney as provided by the Vacancies Reform Act, 5 U.S.C. § 3345(a)(1). (*Id*.) On September 26, 2007, Acting Attorney General Peter Keisler appointed Mr. Gomez as United States Attorney pursuant to 28 U.S.C. § 546(a). (*Id*.) As provided by 28 U.S.C. § 546(c)(2), Mr. Gomez's appointment expired on January 25, 2008. (*Id*.)

On January 25, 2008, a majority of the Article III judges of this District exercised the District Court's authority granted by 28 U.S.C. § 546(d)[1] and appointed Mr. Fouratt as the United States

---

[1] 28 U.S.C. §546 provides:
(a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in

Attorney for the District of New Mexico.  *See* Administrative Order of January 25, 2008, available at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html.

At all times, regardless of the status of the United States Attorney, the Assistant United States Attorneys in this District have continued to carry out their duties.

**II.     Procedural background of this case.**

The grand jury returned the indictment on November 16, 2006.  On May 9, 2007, the United States filed a notice of intent not to seek the death penalty.  (Doc. 93.)  On October 26, 2007, Defendant Melgar-Diaz pleaded guilty pursuant to a sealed plea agreement.  (Docs. 166; 169.)  On February 14, 2008, Defendant Smalls joined in the instant motion.  (Doc. 230.)

**III.    Issues**.

Defendants argue that the appointment of Mr. Fouratt violated: (1) the Appointments Clause of Art. II, § 2 of the United States Constitution; (2) the incongruity principle of the Appointments Clause; and (3) the separation-of-powers doctrine.  Defendants submit that " the indictment should be dismissed without prejudice to await prosecution by a properly appointed United States Attorney."  (Defs.' Mot. [Doc. 227] at 18.)

---

which the office of United States attorney is vacant.

(b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.

(c) A person appointed as United States attorney under this section may serve until the earlier of--

(1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or

(2) the expiration of 120 days after appointment by the Attorney General under this section.

(d) If an appointment expires under subsection (c)(2) of this section, the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

**IV.     Discussion**.

    **A.     Preliminary observations.**

In rejecting similar arguments raised in unrelated cases, my learned colleagues have thoroughly analyzed the subject matter in cogent and well written opinions.  *See United States v. Rose*, ___ F.Supp.2d ___, 2008 WL 586332, CR 07-2145 BB, Doc. 62 (Feb. 29, 2008) (Black, J.); *United States v. Baldwin*, CR 07-2240 JB, Doc. 31 (Feb. 26, 2008) (Browning, J.); and *United States v. Tafoya*, CR 07-0697 MCA, Doc. 130 (Feb. 15, 2008) (Armijo, J.).  Based on my colleagues' exhaustive treatment of this area, any additional commentary that I might offer would risk gilding the lily.

Nonetheless, in assessing Defendants' arguments, a few salient points bear mention.  First, Section 546(d) specifically authorized the District Court to appoint Mr. Fouratt as United States Attorney upon the expiration of Mr. Gomez's appointment.  The statutory scheme provides that Mr. Fouratt is subject to removal by the President and supervision by the Attorney General.  The District Court holds no supervisory authority over Mr. Fouratt.

Second, for over a century, save for a brief hiatus in 2006-2007, Congress has authorized the district court to appoint United States attorneys in circumstances contemplated by Section 546(d).  Finally, the several courts that have considered the issue have consistently held the process constitutional.  *See United States v. Suescun*, 237 F.3d 1284, 1287 (11th Cir. 2001); *United States v. Hilario*, 218 F.3d 19, 25 (1st Cir. 2000); *United States v. Gantt*, 194 F.3d 987, 999-1000 (9th Cir. 1999); *United States v. Sotomayor Vazquez*, 69 F.Supp.2d 286, 291 (D. P. R.1999); and *United States v. Solomon*, 216 F.Supp. 835, 836 (S. D. N. Y. 1963).  With these points in mind, I turn to the issues at hand.

**B.     Justiciability.**

At the outset, I air my concerns regarding justiciability. The Supreme Court has cautioned that "laws should not be invalidated by 'reference to hypothetical cases.' " *United States v. Sabri*, 541 U.S. 600, 608 (2004) (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960) and citing *Yazoo & Mississippi Valley R. Co. v. Jackson Vinegar Co.*, 226 U.S. 217, 219-20 (1912)). The Court noted:

> Although passing on the validity of a law wholesale may be efficient in the abstract, any gain is often offset by losing the lessons taught by the particular, to which common law method normally looks. Facial adjudication carries too much promise of 'premature interpretatio[n] of statutes' on the basis of factually barebones records.

*Sabri*, 541 U.S. at 609 (quoting *Raines*, 362 U.S. at 22).

Defendants present constitutional challenges to Section 546(d) in the abstract and they identify no injury precipitated by Mr. Fouratt's appointment. These deficiencies are reflected in the lack of a coherent request for a remedy. Defendants request dismissal of the indictments pending the appointment of a United States Attorney by the Executive Branch. However, Defendants fail to recognize that questions concerning the constitutionality of the appointment of a United States Attorney "would not affect the validity of indictments . . . as indictments need only be signed by 'an attorney for the government.' " *Gantt*, 194 F.3d at 998 (quoting Fed. R. Crim. P. 7(c)(1)). Indeed, "[a]n appointment of the United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute." *Suescun*, 237 F.3d at 1287. Here, the indictment was returned during the tenure of Mr. Iglesias. The subsequent appointment of Mr. Fouratt has no bearing on the validity of the indictment. Defendants herein have provided no reasoning or authority that would support their request for dismissal of the indictment without prejudice.

In similar circumstances, Judge Black found that, even if the appointment of Mr. Fouratt could be declared legally infirm, he could not dismiss the indictment on that basis, and noted the defendant in that case had provided no meaningful discussion as to why he would be entitled to any remedy at all. *United States v. Rose*, 2008 WL 586332 at *7. I concur with this reasoning.

As the Honorable M. Christina Armijo observed when ruling[2] on a similar motion, Defendants "ha[ve] not demonstrated grounds for mounting a facial challenge to the constitutionality of the Court's statutory appointment power under 28 U.S.C. § 546(d)." *Tafoya*, Order at 3; *see also Sabri*, 541 U.S. at 608-09 (stating that "facial challenges are best when infrequent."). In rejecting that defendant's facial challenge, Judge Armijo explained: "The mere possibility that a court's exercise of the appointment power under 28 U.S.C. § 546(d) might operate in violation of the Constitution or to the detriment of a criminal defendant under some conceivable set of circumstances is insufficient to render a statute wholly invalid." *Tafoya*, Order at 3. Judge Armijo also rejected that defendant's "as applied" challenge to 28 U.S.C. § 546(d)'s constitutionality, because "Mr. Fouratt was not acting as the United States Attorney at the time the *Superseding Indictment* was filed in this case, nor did he sign that document or file any motions in this case while acting in his former capacity as an Assistant United States Attorney." *Tafoya* Order at 4. Similar to the defendant in Judge Armijo's case, the indictment herein was returned before Mr. Fouratt was appointed.

Judge Armijo did not address the merits of that defendant's constitutional claims because:

Determining whether the statute or *Administrative Order* at issue in this case is

---

[2] Judge Armijo determined that the motion in that case was untimely and did not address the merits of that defendant's constitutional claims. In the instant case, the deadline for filing dispositive motions was December 18, 2007, and Mr. Fouratt was appointed on January 25, 2008. Given the circumstances, I will consider the motion even though, technically, it was filed after the dispositive motions deadline.

unconstitutional would not serve to redress Defendant's alleged injuries, because such a ruling would not require the dismissal of the *Superseding Indictment*, nor would it preclude the duly appointed Assistant United States Attorney from taking the case to trial.

*Id.* at 5.

However, in ruling on a similar motion, the Honorable James O. Browning recognized:

While the remedy for any constitutional violation in this case is not dismissal of the indictment and remains somewhat unclear, the Court concludes that the constitutional issues remain live and that its decision on the constitutional issues would not be theoretical or merely advisory. Moreover, neither party suggests that the Court does not need to decide the constitutional issues. The Court also notes that the other courts, including the Supreme Court in similar situations, have decided these issues. Thus, because Mr. Fouratt appears to be participating in this case as United States Attorney, and because Baldwin does not want Mr. Fouratt to prosecute him as United States Attorney, it appears necessary for the Court to decide the constitutional challenges that Baldwin has raised.

*Baldwin* at 50.

The reasoning articulated by Judge Browning applies herein with equal force. In the instant case, Mr. Fouratt's name appears on the signature blocks of all documents filed by the United States after his appointment. Notably, none of the parties has suggested that I need not decide the constitutional issues raised by Defendants. Under these circumstances, I set aside my justiciability concerns and address the issues raised by Defendants.

### C.    The appointment of Mr. Fouratt does not violate the Appointments Clause.

Defendants argue that the appointment of Mr. Fouratt by the District Court, pursuant to § 546(d), violated the Appointments Clause.

The Appointments Clause provides, in pertinent part:

The President . . . shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Counsels, Judges of the Supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think

proper, in the President alone, in the Courts of Law, or in the Heads of Departments. U.S. Const., Art. II, § 2, cl. 2.

The Appointments Clause "is a bulwark against one branch aggrandizing its power at the expense of another branch and preventing the diffusion of the appointment power." *Ryder v. United States*, 515 U.S. 177, 181 (1995). The Appointments Clause "prevents congressional encroachment upon the Executive and Judicial Branches by vesting the President with the exclusive power to select the principal (noninferior) officers of the United States." *Edmond v. United States*, 520 U.S. 651, 659 (1997).

For the purposes of appointment, " '[t]he Constitution . . . divides all its officers into two classes.'" *Morrison v. Olson,* 487 U.S. 654, 670 (1988) (quoting *United States v. Germaine*, 99 U.S. 508, 509 (1879)). "[P]rincipal officers are selected by the President with the advice and consent of the Senate. Inferior officers Congress may allow to be appointed by the President alone, by the heads of departments, or by the Judiciary." *Morrison*, 487 U.S. at 670 (quoting *Buckley v. Valeo*, 424 U.S. 1, 132 (1976)). Therefore, the primary question is whether the United States Attorney is a principal or an inferior officer.

While the Supreme Court has not squarely decided the question, the Court has held a number of officials to be inferior within the meaning of the Clause. *See Morrison,* 487 U.S. at 671-77 (independent counsel); *Edmond*, 520 U.S. at 658-66 (judges of the United States Coast Guard Court of Appeals); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 352-53 (1931) (United States commissioners); *United States v. Eaton*, 169 U.S. 331, 343 (1898) (vice consuls); *Ex Parte Siebold*, 100 U.S. 371, 397-98 (1879) (election supervisors); *In re Hennen*, 38 U.S. 230, 258-59 (1839) (district court clerks). While never directly speaking upon the issue, the Supreme Court, in dicta, has indicated that the United States Attorney is an inferior officer. *See Morrison*, 487 U.S. at

676-77; *see also Myers v. United States*, 272 U.S. 52, 129 (1926). This dicta strongly supports the conclusion that the United States Attorney is an inferior officer within the meaning of the Appointments Clause.

The fact that other courts which have addressed the issue have concluded that the United States Attorney is an inferior officer supports this conclusion. *See Suescun*, 237 F.3d at 1288 n.11; *Hilario*, 218 F.3d at 25; *Gantt*, 194 F.3d at 999-1000; *Sotomayor Vazquez*, 69 F.Supp.2d at 291; *United States v. Solomon*, 216 F.Supp. at 836; *Rose*, 2008 WL 586332 at *7; *see also Baldwin*, Order at 51-53 (holding that issue need not be decided due to that defendant's concession, but noting there is a "strong argument" that the United States Attorney is an inferior officer.).

Notably, Defendants cite no authority that holds to the contrary. In support of their stance, Defendants argue that United States Attorneys are not inferior officers because the role of United States Attorneys is quintessentially executive, United States Attorneys make significant prosecutorial and policy decisions, and the relationship between the United States Attorney and the Attorney General is complex. None of these arguments trumps Supreme Court jurisprudence in the area.

The Court in *Morrison* found several indicia important in reaching its decision, including (1) removal power was vested in a higher officer of the Executive branch; (2) the independent prosecutor's authority was not plenary, but rather circumscribed to specific, limited duties; (3) the independent prosecutor's office was one of limited jurisdiction; and (4) the office was "limited in tenure." *Morrison*, 487 U.S. at 671-72. In *Edmond*, the Court defined the term "inferior officer" as encompassing those "whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate." *Edmond*, 520 U.S. at 663.

Defendants assert that, because not all the *Morrison* factors are present here, the United States Attorney is not an inferior officer. However, nothing in *Morrison* indicates these criteria extend universally. To the contrary, the Court explained: "We need not attempt here to decide exactly where the line falls between the two types of officers, because in our view [the independent counsel] clearly falls on the 'inferior officer' side of that line." *Morrison*, 487 U.S. at 671. The Court emphasized in *Edmond*: "*Morrison* did not purport to set forth a definitive test for whether an office is 'inferior' under the Appointments Clause." *Edmond*, 520 U.S. at 661.

As the First Circuit observed in *Hilario*:

> Congress has ceded to the Attorney General plenary authority over United States Attorneys. *See* 28 U.S.C. § 519; *see also id.* § 516 (reserving litigation on behalf of the United States to officers of the Department of Justice "under the direction of the Attorney General"). They are subject to much closer supervision by superiors than, say, the judges of the Coast Guard Court of Criminal Appeals, whom the *Edmond* Court classified as inferior officers "by reason of the supervision [of others] over their work." 520 U.S. at 666, 117 S.Ct. 1573. The Attorney General can remove a United States Attorney from participation in particular cases whenever she believes that it would be "in the interests of the United States" to do so. 28 U.S.C. § 518(b). Indeed, she is empowered to determine the location of a United States Attorney's offices, *see id.* § 545(b), to direct that he file reports, *see id.* § 547(5), to fix his salary, *see id.* § 548, to authorize his office expenses, *see id.* § 549, and to approve his staffing decisions, *see id.* § 550. Under so pervasive a supervisory regime, United States Attorneys plainly pass the *Edmond* test. *Accord Gantt*, 194 F.3d at 999-1000.

*Hilario*, 218 F.3d at 25.

I find the reasoning of *Hilario* to be persuasive. Defendants' arguments to the contrary are foreclosed by *Morrison* and *Edmond*. The Court concludes that the United States Attorney is an inferior officer within the meaning of the Appointments Clause. Accordingly, the appointment of Mr. Fouratt does not violate the Appointments Clause.

### D.     The appointment of Mr. Fouratt did not offend the incongruity principle.

Defendants contend this Court's appointment of Mr. Fouratt offends the incongruity

principle of the Appointments Clause because "the choice of the United States Attorney is inherently a political and executive determination, it is inappropriate for district court judges to engage in that selection." (Defs.' Br. at 14.) Defendants fear that the appointment has "erode[d] the public's faith in the impartiality of the Judiciary . . . compromise[d] the court's impartiality and create[d] the appearance of a conflict of interest." (Defs.' Br. at 14-15.) Defendants' fears are unfounded.

The Supreme Court has concluded that the judicial appointment of prosecutors is not "incongruous" with the functions courts normally perform. *Morrison*, 487 U.S. at 676-77. The Court recognized: "[l]ower courts have . . . upheld interim judicial appointments of United States Attorneys" and noted "the longstanding judicial practice of appointing defense attorneys for individuals who are unable to afford representation . . . notwithstanding the possibility that the appointed attorney may appear in court before the judge who appointed him." *Morrison*, 487 U.S. at 671 n.14 (citation omitted).

> The Court elaborated:
>
> Indeed, in light of judicial experience with prosecutors in criminal cases, it could be said that courts are especially well qualified to appoint prosecutors. This is not a case in which judges are given power to appoint an officer in an area in which they have no special knowledge or expertise, as in, for example, a statute authorizing the courts to appoint officials in the Department of Agriculture or the Federal Energy Regulatory Commission.

*Morrison*, 487 U.S. at 671 n.13.

Judge Browning analyzed a similar argument and concluded that *Morrison* effectively foreclosed any argument that the judicial appointment of the United States Attorney was incongruous under the Appointment Clause. *Baldwin* Order at 54-57. When ruling on this issue, Judge Black stated: "Since incongruity is based on the principle that no other branch of government could conveniently appoint the United States Attorney, the long historical involvement of the

judiciary in the appointment of this office makes Defendant's argument somewhat ludicrous." *Rose,* 2008 WL 586332 at *5. I concur with this statement and hold, consistent with *Morrison* and the reasoning of my colleagues, that the appointment of Mr. Fouratt did not offend the incongruity principle.

### E. The appointment of Mr. Fouratt was consistent with the separation-of-powers doctrine.

On this topic, I find the analysis employed by the First Circuit in *Hilario* persuasive. The First Circuit stated:

> First, we must ask whether Congress, in vesting the power to appoint interim United States Attorneys in the district court, conferred upon the judges a power that usurped the prerogatives of another branch of government and, thus, "effected an unconstitutional accumulation of power within the Judicial Branch." *Id.* at 383, 109 S.Ct. 647. Second, we must ask whether the exercise of the power to appoint somehow impedes the proper functioning of the Judicial Branch. *See id.*

*Hilario*, 218 F.3d at 27 (quoting *Mistretta v. United States*, 488 U.S. 361, 381-82 (1989)).

First, the judicial appointment of the United States Attorney does not impermissibly encroach on executive powers "in light of judicial experience with prosecutors in criminal cases" *Morrison*, 487 U.S. at 676 n. 13, and the fact that "section 546(d) neither grants the judges of the district court authority to supervise or remove an interim United States Attorney whom they have appointed nor gives them power to determine (or even influence) how the appointee will enforce the laws." *Hilario*, 218 F.3d at 27.

Significantly, "the Executive Branch holds all the trump cards." *Id.* The President may remove a judicially-appointed United States Attorney, *see* 28 U.S.C. § 541(c), and the President retains the right to nominate a United States Attorney whose confirmation by the Senate automatically will oust the judicial appointee. *See id.* § 546(d). Moreover, the Attorney General may overstep the United States Attorney and directly supervise any investigation or case. *See id.*

11

§ 518. "These features make it crystal clear that the district court's appointment of an interim United States Attorney is not an unconstitutional encroachment on executive authority." *Hilario*, 218 F.3d at 27-28.

Second, the appointment of the United States Attorney by the District Court does not impede the functioning of the judicial branch. *Hilario*, 218 F.3d at 28. It has long been recognized that judges possess inherent authority to appoint counsel for indigent criminal defendants in order to ensure fair process. *Id*. (citing *Morrison*, 487 U.S. at 677 n.14). "That rationale applies to the appointment of interim United States Attorneys with equal force. It is in keeping with preserving the institutional integrity of the judiciary that judges, faced with an indefinite vacancy in the office of United States Attorney, seek out a competent lawyer to represent the government." *Hilario*, 218 F.3d at 28-29. Judicial appointment of the United States Attorney "assists the functioning of the court [and] . . . assures the skillful processing of cases in which the United States is a party." *Hilario*, 218 F.3d at 29 (citing *Mistretta*, 488 U.S. at 407-08). Thus, "judicial appointment of a prosecutor is unlikely to foster the belief that the court is biased in favor of the government." *Hilario*, 218 F.3d at 29.

In sum, the appointment of the United States Attorney by the District Court does not "undermine[ ] public confidence in the disinterestedness of the Judicial Branch. The judiciary's integrity is not affected, and the method of appointment does not violate the doctrine of separated powers." *Hilario*, 218 F.3d at 29. Because the judicial appointment of Mr. Fouratt as the United States Attorney resulted neither in an unconstitutional accumulation of power in the Judicial Branch, nor imposition on the proper functioning of that branch, § 546(d) is consistent with the separation-of-powers doctrine.

V.     **Conclusion.**

Defendants lack standing to challenge the constitutionality of 28 U.S.C. § 546 based on the District Court's appointment of Mr. Fouratt. Even if Defendants had standing, their arguments lack legal support.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Indictment Without Prejudice on the Basis That the Current United States Attorney Has Been Unconstitutionally Appointed (Doc. 227), filed on February 12, 2008, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**