## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          No. CR 06-2403 RB

PAUL OTHELLO SMALLS,
GLENN DELL COOK, a/k/a "Deuce,"
and WALTER MELGAR-DIAZ

        Defendants.

### MEMORANDUM OF OPINION AND ORDER

**THIS MATTER** comes before the Court on Glenn Dell Cook's Motion and Supporting Memorandum for Election Between Counts and For Dismissal of the Remaining as Multiplicitous (Doc. 191), filed by Defendant Glenn Dell Cook, on December 18, 2007. Defendant Paul Othello Smalls joined in the Motion. The United States filed a Response to the motion (Doc. 209) on January 23, 2008, and I heard evidence relating to, and argument on, both motions at a hearing conducted on April 1, 2008. Having considered the motions, briefs, arguments, and the relevant authority, I find that the motion should be denied.

### I.    BACKGROUND

On or about November 16, 2006, the grand jury returned an indictment in this case (Doc. 1) charging Defendant Paul Othello Smalls, Glenn Dell Cook, a/k/a "Deuce," and Walter Melgar-Diaz with (1) Conspiracy to Retaliate Against a Witness, Victim or an Informant in violation of 18 U.S.C. § 1513(e), (2) Retaliating Against a Witness, Victim or an Informant and Aiding and Abetting in violation of 18 U.S.C. § 1513(a)(1)(B) and 18 U.S.C. § 2, respectively,

(3) Conspiracy to Tamper with a Witness, Victim or Informant in violation of 18 U.S.C. § 1512(k), (4) Tampering with a Witness, Victim or an Informant and Aiding and Abetting in violation of 18 U.S.C. §§ 1512(a)(1)(A) and (C), and 18 U.S.C. § 2, respectively, and (5) Killing a Person Aiding a Federal Investigation and aiding and abetting in violation of 18 U.S.C. § 1121(a)(2) and 18 U.S.C. § 2.

      Defendant Cook, with Defendant Smalls joining, subsequently filed a Motion for Election Between Counts and For Dismissal of the Remaining as Multiplicitous (Doc. 191). Defendants Cook and Smalls justified their request by stating that Counts 1 and 3 and, separately, Counts 2, 4 and 5 under which they were charged involve the same course of conduct and, therefore, there can only be one penalty and one count related to each course of conduct. Defendants further argue that they would be unfairly prejudiced by having the jury consider three charges that amount to the same criminal conduct, that such would lead to a violation of the Defendant's right under the Double Jeopardy Clause of the United States Constitution, and that, accordingly, an election between counts and the dismissal of the remainder is necessary to avoid such a violation.

      On January 23, 2008, the United States filed its Response to Defendant Cook's Motion for Election Between Counts and for Dismissal of the Remaining Counts as Multiplicitous (Doc. 209).  The United States contends that the different charges, by their statutory wording, each require different proof and are, therefore, not multiplicitous.  Further, even if the charges are duplicative, the charges should still proceed, and, in the event the Defendants are convicted of multiple charges, then, the Court can vacate the duplicative convictions or provide a general sentence.

On February 14, 2008, Defendants filed a Reply to the United States' Response reiterating the arguments set forth in their Motion.

## II.     STANDARD

The Fifth Amendment to the United States Constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb.  U.S. CONST. amend. V.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v Curls*, 219 Fed. App'x 746 (10th Cir. 2007)(citing *United States v Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997).  "Although multiplicity is not fatal to an indictment, multiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense." *Id.* at 752 (citing *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997), *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002)) (internal quotation marks and citations omitted). "Multiplicitous sentences violate the Double Jeopardy Clause." *Id.* (citing *United States v. Morris*, 247 F.3d 1080, 1083 n.2 (10th Cir. 2001)).

The test to be applied to determine multiplicity, where two separate statutory provisions are charged, is whether each charge requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (citing *Gavieres v. United States* 220 U.S. 338, 342 ( 1991) and authorities cited).  Elaborating upon the analysis in *Blockburger*, the Tenth Circuit has held that a "person may be prosecuted for more than one crime based on the same conduct (1) if each crime requires proof of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *United States v. Morris*, 247 F.3d 1080 (10th Cir. 2001) (citing

3

*United States v. Pearson*, 203 F.3d 1243 at 1267-68 (10th Cir. 2000)).  The court has also held that, if the individual acts are prohibited, then each act is punishable separately; however, if the course of conduct is prohibited, then, there can only be one penalty.  *See United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002), *United States v Curls* 1219 Fed. App'x 746, 746 (10th Cir. 2007).

It is within the discretion of the trial court to require the prosecution to elect, before trial, between multiplicitous counts.  *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (citing *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990)).  The Tenth Circuit has held that "the government may submit multiplicitous charges to the jury, but if a defendant is convicted of both charges, the district court must vacate one of the convictions."  *United States v. Nickl*, 427 F.3d 1286 (10th Cir. 2005) (citing *Ball v. United States*, 470 U.S. 856, 864-65, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985)).  There is a risk, when a trial court does not require a pretrial election of charges, that the multiple counts may mislead the jury into believing that a defendant has committed more than one crime.  *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir. 1988)).  "Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges."  *Id.* (citing *United States v. Clarridge*, 811 F. Supp. 697, 702 (D. D.C. 1992)) (internal quotation marks omitted).  There is, however, no prejudice to a defendant in allowing all of the counts to go to the jury when the evidence for the counts is identical.  *See United States v. Cook*, 2007 U. S. Dist. LEXIS 75679 (D. D.C. 2007), *United States v. Clark*, 337 U.S. App. D.C. 278, 184 F.3d 858 (D.C. Cir. 1998).

**III.   ANALYSIS**

The Defendants argue that the acts of the Defendants constituted one course of conduct and that because each set of counts prohibits that course of conduct, there can only be one count charged against the Defendants.

The *Graham* case, 305 F.3d 1094 (10th Cir. 2002) and the *Curls* case, 1219 Fed. App'x 746 (10th Cir. 2007) relied upon by the Defendants are distinguishable. In each of those cases, the respective defendant was convicted of violating the exact same statute multiple times. In *Graham*, on four separate occasions, the defendant sold explosive devices to government agents. Graham was charged with four counts that he "knowingly and unlawfully engaged in the business of . . . dealing in explosive materials . . . in violation of Title 18, *United States Code, Section 842(a)(1)*." *Graham* at 1099. Each count charged was based on a separate transaction. The jury found Mr. Graham guilty on three of the counts, and Mr. Graham appealed the convictions arguing that each of the transactions separately could not comprise the necessary pattern of repeated activity to justify being "engaged in the business" of dealing explosives. The government conceded the point admitting that "the statute at issue punishes continuing conduct rather than separate offenses . . . , and that the Supreme Court therefore allows only one punishment." *Id.* (internal quotations and citations omitted). The court remanded the matter with instructions that the district court vacate two of the convicted counts and the respective sentences.

In *Curls*, the defendant admitted finding a gun in his mother's apartment the day prior to his arrest, loading it with ammunition, then giving it to his cousin with instructions for the cousin

5

to remove it from the house. The following day, when the defendant was arrested, the gun was found in the console of the car in which he was riding, and the defendant stated that the gun was his. Mr. Curls was charged with two counts of possession of a firearm and ammunition in violation of 18 U.S.C. §922(g). *Curls* at 748. Mr. Curls was convicted, by the jury, on both counts. On appeal, Mr. Curls argued that the two charges applied to the same activity and were multiplicitous and, therefore, the district court erred in not granting his motion to dismiss the second count. Focusing on the possession aspect of the charge, the court stated that "[g]enerally speaking, 'Congress intended the crime of possession to refer to a course of conduct rather than individual acts of dominion.'" *Id.* at 752-753 (citing *United States v. Jones*, 403 F.3d 604, 606 (8th Cir. 2005)). The court continued by stating "[t]here is an exception to this general rule. 'A felon may be charged and convicted on two counts of possessing the same firearm if he first possesses a weapon, he is aware that his possession is interrupted, and he thereafter reacquires possession of the weapon himself.'" *Id*. at 753 (citing *United States v. Jones*, 403 F.3d 604, 606 (8th Cir. 2005)(internal quotation marks omitted)). The court held that the two charged counts were not multiplicitous. *See Curls* at 753.

Conversely, in this case, the statutes upon which Defendants are charged are separate and distinct sections and subsections of statutes and there is no legislative intent indicating that a "course of conduct" analysis is appropriate.

Counsel for the United States argues that the Fifth Circuit case of *United States v. Maggitt*, 784 F.2d 590 (5th Cir. 1986) is more to the point. In *Maggitt*, based on their separate threats to kill an individual, the defendants were charged with witness tampering in violation of 18 U.S.C. §1512 and with retaliating against a witness in violation of 18 U.S.C. §1513.

Applying an analysis similar to that followed in the Tenth Circuit, the Court stated that whether charges are multiplicitous turns primarily on whether each charge requires proof of a different element from each other charge. *See Id.* at 599. If a particular element is required to prove count one which is not required to prove count two, no multiplicity exists. *Id.*

The Court in *Maggitt*, at 599, explained:

"witness tampering and retaliation charges . . . are not multiplicitous. Each charge is proscribed by a separate statutory provision and the facts necessary to one are not necessary to the other. For example, tampering under *18 U.S.C. § 1512* requires proof, *inter alia*, that the intended victim was to participate in a pending or future proceeding. To prove retaliation under *18 U.S.C. § 1513*, in contrast, the Government must establish that the victim had given testimony previously and that the defendant's acts were intended to be in retaliation for the prior testimony."

The Court in *Maggitt* also recognized that the issue of multiplicity is ultimately one of legislative intent, stating

"we further note the absence of any indication of congressional intent to preclude simultaneous prosecution for a single act under *sections 1512* and *1513*. Each section unambiguously authorizes punishment for a violation of its terms. Moreover, the legislative history does not preclude cumulative punishments under *sections 1512* and *1513*.[1] In these circumstances and given that each statutory provision requires proof of a fact that the other does not, separate counts charging that a single act violated both *18 U.S.C. § 1512* and *18 U.S.C. § 1513* are not multiplici[t]ous."

*Id.* at 599-600 (italics as in original). *See United States v. Wilson*, 565 F. Supp. 1416 (S.D.N.Y.

---

[1] "The Senate Judicial Committee Report, with regard to these two sections, states:

*Section 1512* applies to the offenses against witnesses, victims, or informants which occur before the witness testifies or the informant communicates with law enforcement officers; while *Section 1513* applies to offenses against witnesses or informants after they have testified or reported information about the crime to law enforcement officers."

*United States v. Maggitt*, 784 F.2d 590 (5th Cir. 1986), note 12 (citing S. Rep. No. 97-532 (Aug. 19, 1982), reprinted in 1982 U.S. Code Cong. & Adm. News 2515, 2520).


1983).

I find the analysis and decision of the Fifth Circuit persuasive. Here, giving due consideration to the wording and legislative intent of the respective statutes charged, the elements to be proved under each statute are not identical. Count 2 requires proof that the Defendants killed Gantz with the intent to retaliate against Gantz because Gantz had provided information related to the commission or possible commission of a federal offense. *See* 18 U.S.C. §1513(a)(1)(B), §1513(a)(2)(B) and §2. Count 4 requires proof that the Defendants killed Gantz to prevent Gantz's attendance or testimony in an official proceeding. Count 4 also requires proof that the Defendants killed Gantz to prevent him from communicating to a law enforcement officer of the United States information relating to the commission or possible commission of a federal offense. *See* 18 U.S.C. §1512(a)(1)(A), §1512(a)(1)(C) and §2. Count 5 requires proof that the Defendants killed Gantz while Gantz was assisting in a federal criminal investigation, while that assistance was being rendered and because of it. *See* 18 U.S.C. §1121(a)(2) and 18 U.S.C. §2.

Similarly, with regard to the conspiracy counts (1 and 3), each count requires proof of an element not required of the other. Count 1 requires proof that the Defendants conspired to kill Gantz with the intent to retaliate against Gantz because Gantz had provided information relating to the commission or possible commission of a federal offense. *See* 18 U.S.C. §1513(a)(1)(B), §1513(a)(2)(A), §1513(e)[2] and §2. Count 3 requires proof that the Defendants conspired to kill Gantz to prevent Gantz's attendance or testimony in an official proceeding. Count 3 also requires proof that the Defendants conspired to kill Gantz to prevent him from communicating

---

[2] There are two subsections lettered (e) in 18 U.S.C. §1513, current as of 2007. From the wording of the statute, it is the second subsection (e) to which the charges refer.

with law enforcement concerning the commission or possible commission of a federal offense. *See* 18 U.S.C. §1512(a)(1)(A), §1512(a)(1)(C), §1512(k) and §2.

Defendants have not provided any authority to the court indicating a contrary legislative intent or showing that Congress intended to preclude simultaneous and/or cumulative prosecution under the statutes charged.

Defendants argue that proceeding with multiplicitous charges would unfairly prejudice the Defendants by having the jury consider three charges that amount to the same alleged criminal conduct and that this would lead to a violation of the Defendants right under the Double Jeopardy Clause of the United States Constitution.  The Defendants also argue that election between counts, and dismissal of the remainder, is necessary to avoid such a violation.  Based on my analysis herein and consideration of the relevant authority, I hold that the counts with which the Defendants are charged do not constitute multiplicitous charges, and, therefore, there is no resulting prejudice to Defendants Cook or Smalls or risk of violation of the Double Jeopardy Clause of the United States Constitution.

**IT IS THEREFORE ORDERED** that Defendant Glenn Dell Cook's Motion, as joined by Defendant Smalls, for Election between Counts and For Dismissal of the Remaining as Multiplicitous (Doc. 191) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE