**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **No. CR 06-2403 RB**

**PAUL OTHELLO SMALLS and**
**GLENN DELL COOK,**

**Defendants.**

**MEMORANDUM OF OPINION AND ORDER**

**THIS MATTER** comes before the Court on a Motion for Dismissal for Insufficiency of Notice Under the Sixth Amendment or, in the Alternative, for a Bill of Particulars (Doc. 190), filed by Defendant Glenn Dell Cook on December 18, 2007, and joined by Co-Defendant Paul Smalls. The United States filed a response to the motion (Doc. 211), and I heard evidence relating to, and argument on, the motion at a hearing conducted on April 1, 2008. Having considered the motions, briefs, arguments, statements, and the relevant authority, I find that the motion should be denied in part and granted in part.

## I. BACKGROUND

This case stems from the December 30, 2004 death of Philip Thomas Gantz, a federal inmate, who was incarcerated at Doña Ana County Detention Center on that date. All three Defendants were locked in a medical unit cell with Mr. Gantz at the time of his death. On November 16, 2006, a federal grand jury indicted Defendants in connection with Mr. Gantz's death. The five-count Indictment charges each defendant with: (1) Conspiracy to Retaliate

Against a Witness, Victim or an Informant; (2) Retaliating Against a Witness, Victim or an Informant; (3) Conspiracy to Tamper with a Witness, Victim or an Informant; (4) Tampering with a Witness, Victim or an Informant; and (5) Killing a Person Aiding a Federal Investigation (Doc. 1).

On February 27, 2007, Defendant Smalls filed a Motion for a Bill of Particulars (Doc. 52), which the Court denied on April 4, 2007 (Doc. 71). On October 9, 2007, Defendants Cook and Smalls jointly filed a Motion for a Bill of Particulars (Doc. 129), which the Court denied on January 24, 2008 (Doc. 213). The Motion for Bill of Particulars (Doc. 190) at issue here differs from Defendant Smalls' previously denied Motion for Bill of Particulars (Doc. 52) and Defendants Cook and Smalls' previously denied Motion for Bill of Particulars (Doc. 129) in that this Motion primarily alleges that, in order for the Defendants to prepare their defense, detailed information is required with regard to Mr. Gantz's Federal witness status, involvement with federal investigations and his communications with law enforcement authorities and governmental entities. Specifically, Defendants contend that, pursuant to Fed. Rule Crim. Proc. 7(f) and the Sixth Amendment to the United States Constitution, the charges against the Defendants should be dismissed or, in the alternative, that the prosecution should be required to file a Bill of Particulars as to each count charged.

The United States in its response (Doc. 211) filed on January 23, 2008 argues that the Indictment provides sufficient information for Defendants to prepare their defense. The United States further argues that the voluminous discovery provided to Defendants to date will help them prepare their defense and that the Defendants are inappropriately using a Bill of Particulars as a discovery device. The United States attached to its Response a document which it states

"outlines the federal nature of Mr. Gantz's cooperation." (United States' Response at 4)

On February 14, 2008, Defendants filed their Reply to the United States' Response (Doc. 232) asserting that this case is a complex case and that there should be a "time, place and manner" requirement in describing each element of the offenses charged.

## II. STANDARD

The Sixth Amendment of the U.S. Constitution states, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right...to be informed of the nature and cause of the accusation...." U.S. Const. amend. VI.

In furtherance of the Sixth Amendment requirements, Federal Rule of Criminal Procedure 7(c) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "For each count, the indictment must also give the official or customary citation of the statute that the defendant is alleged to have violated." *Id.* "An indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged 'by practical rather than technical considerations.'" *United States. v. Catorena-Jaime*, 117 F. Supp. 2d 1161 (D. Kan. 2000) (citing *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). *See United States v. Bedonie*, 913 F.2d 782, 790 (10th Cir. 1990). It is not necessary for an indictment to allege "in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.

1988) (citing *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)) (citations omitted). An indictment that tracks the language of the statute is generally sufficient provided that it sets forth the elements of the offense and, through a statement of facts and circumstances, informs the defendant of the specific offense with which he is charged. *See Hamling*, 418 U.S. 87, 117-18 (1974), *United States v. Dunn*, 841 F.2d 1026 (10th Cir. 1988). In the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements to the offense. *United States v. Catorena-Jaime*, 117 F. Supp. 2d 1161 (D. Kan. 2000) (citing *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)).

Rule 7(f) provides that a "court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The federal trial courts have always had very broad discretion in ruling upon requests for bills of particulars. *See Will v. United States*, 389 U.S. 90, 88 S. Ct. 269; 19 L. Ed. 2d 305 (1967), *United States v. Catorena-Jaime*, 117 F. Supp. 2d 1161, 1174 (D. Kan. 2000). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *U.S. v. Catorena-Jaime*, 117 F. Supp. 2d 1161 (D. Kan. 2000) (citing *United States v. Dunn*, 841 F.2d at 1026, 1029 (10th Cir. 1988). "A bill of particulars is not necessary if 'the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial.'" *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (citing *United States v. Dunn*, 841 F.2d at 1026, 1030 (10th Cir. 1988)).

Although a bill of particulars is not a discovery device, it may serve to "amplif[y] the indictment by providing additional information." *United States v. Dunn*, 841 F.2d 1026, 1029

(10th Cir. 1988) (citing *United States v. Johnson*, 575 F.2d 1347, 1356 (5th Cir. 1978)). *See United States v. Gould*, 2007 U.S. Dist. LEXIS 33922 (D.N.M. 2007). However, "[i]t is not the function of a bill of particulars 'to disclose in detail the evidence upon which the Government will rely at trial.'" *United States v. Barbieri*, 614 F.2d 715 (10th Cir. 1980) (citing *Cefalu v. United States*, 234 F.2d 522, 524 (10th Cir. 1956)). "Specifically, a 'bill of particulars cannot be used to obtain a list of the government's witnesses or evidentiary detail.'" *Id*. (citing *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974) (citations omitted). It is improper for the defendant to use a bill of particulars as a way to obtain an explanation of the legal theories the government intends to use at trial. *United States v. Logan*, 241 F. Supp. 2d 1164 (D. Kan. 2002) (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)).

"Since the defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case, the district court [does] not abuse its discretion in denying defendant's motion for a bill of particulars where defendant has been served with a sufficient indictment." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (citing *United States* v. *Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988)) (internal quotation marks omitted). In addition, if the information necessary for one's defense can be obtained through some other satisfactory form, a bill of particulars is not justified. *United States v. Logan*, 241 F. Supp. 2d 1164 (D. Kan. 2002) (citing *United States v. Canino*, 949 F.2d 928 (7th Cir. 1991)). Accordingly, a factor to consider in determining whether a bill of particulars is appropriate is whether the defendant has access to the requested evidence through means other than a bill of particulars. *United States v. Logan*, 241 F. Supp. 2d 1164 (D. Kan. 2002). *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). Ultimately, "[u]nless the request for the bill of

particulars shows, on its face, that failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense preparation [or double jeopardy problems,] defendant has the burden of showing [by brief, affidavit or otherwise] that his or her request meets one of the three criteria." *United States v. Logan*, 241 F. Supp. 2d 1164 (D. Kan. 2002) (citing *United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998)) (brackets as in original). In order for the defendant to persuade the Court to grant his motion, he must show, specifically, how he would be prejudiced absent a bill of particulars." *United States v. Terrell*, 2005 U.S. Dist. LEXIS 4279 (D. Kan. 2005). *See United States v. Wright*, 826 F.2d 938 (10th Cir. 1987).

## III. ANALYSIS

Defendants argue that the Indictment is constitutionally insufficient to provide them with a fair notice of the criminal charges against them and an adequate opportunity to contest them, and, therefore, the charges should be dismissed. The Defendants assert, that, in the alternative, a bill of particulars is necessary to enable them to understand and prepare their defense against the alleged homicide and conspiracy without prejudicial surprise at trial. The Defendants further assert that there should be a "time, place and manner" requirement to each element of the offenses charged.

The United States argues that the Indictment is sufficient and that no bill of particulars is warranted.

The information Defendants seek in a bill of particulars is quite specific and detailed. Defendants' request extends well beyond that required in a legally sufficient indictment into the realm of information to be sought through discovery. The Indictment charging the Defendants

cites the particular statutes for the charged crimes and generally tracks the language of the respective statutes. In response to their inquiry as to Mr. Gantz's Federal witness status, involvement with federal investigations and his communications with law enforcement authorities and governmental entities, Defendants were provided with a specific document which the United States explains "outlines the federal nature of Mr. Gantz's cooperation." (United States' Response at 4) In addition, the United States has, to date, provided significant amounts of discovery to defense counsel pursuant to a standing discovery order.

Although the Court will not allow Defendants to use a bill of particulars as a means of discovery, after considering the arguments of both sides as presented at the hearing, I agree with the Defendants' assertion that a bill of particulars would be appropriate as to certain facts of the offenses charged. At the hearing, the United States averred that Mr. Gantz was killed because he was a snitch as stated in Overt Act 1 of the Indictment, and that no other government involvement was at issue and no further specificity was required. The information provided by the United States and in the Indictment describes the events of Mr. Gantz's involvement with federal investigators prior to the time of his death, particularly that he was providing to law enforcement agents information regarding narcotics trafficking in the Roswell, New Mexico area. The information provided by the United States and the information set forth in the Indictment does not, however, articulate the on-going and future nature of Mr. Gantz cooperation with federal investigators, which are elements of some of the offenses charged. The Indictment and other information provided by the United States does not state any facts pertaining to the assertion that Mr. Gantz was killed to prevent his attendance at and participation in an official proceeding or to prevent Mr. Gantz's further communication with federal law enforcement

officer regarding the perpetration or possible perpetration of a federal offense. Further, the United States has not argued that this information was provided to the Defendants in the discovery documents or that the information is available through other means. These facts are relevant and necessary to allow the Defendants to prepare their defense as to the offenses charged and to prevent prejudicial surprise at trial. I, therefore, will deny in part and grant in part Defendants' request for dismissal of the counts and/or for a bill of particulars. I will not dismiss the offenses charged, but will require a bill of particulars as to certain elements of the charges.

Defendants argue that there is a "time, place, and manner" requirement for each element of the offenses charged; but, I have found no legal authority, and Defendants have not provided any legal authority, supporting that argument. In a bill of particulars, the United States need not reveal the evidence it plans to use at trial, but it must disclose the facts sufficient for the Defendant's to prepare their defense.

**IT IS THEREFORE ORDERED** that Defendant Glenn Dell Cook's Motion for Dismissal for Insufficiency of Notice Under the Six Amendment or, in the Alternative, for a Bill of Particulars is **DENIED** in part and **GRANTED** in part. The Motion is denied with regard to the dismissal of charges and with regard to the past activities of Mr. Gantz, sufficient information already having been provided in the Indictment and documents provided by the United States. The Motion is granted in that the United States shall provide to the Defendants a bill of particulars pertaining to the on-going cooperation of Mr. Gantz with federal law

enforcement officers at the time of his death and any anticipated testimony of Mr. Gantz at later proceedings regarding the commission or possible commission of a federal offense.

UNITED STATES DISTRICT JUDGE