IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              No. CR 06-2403 RB

PAUL OTHELLO SMALLS,
GLENN DELL COOK, a/k/a "Deuce,"
and WALTER MELGAR-DIAZ

        Defendants.

**MEMORANDUM OF OPINION AND ORDER**

        **THIS MATTER** comes before the Court on a Motion to Suppress Statements and Supporting Authorities (Doc. 192) filed by Defendant Glenn Dell Cook on December 18, 2007. The United States filed a Response to the motion (Doc. 212) on January 23, 2008. Defendant Smalls filed his Reply (Doc. 231) on February 14, 2008. I heard evidence relating to, and argument on, the motion at a hearing conducted on April 1, 2008. Having considered the motions, briefs, arguments, statements, and the relevant authority, I find that the motion should be granted in part and denied in part.

**I     BACKGROUND**

        This case stems from the December 30, 2004 death of Philip Thomas Gantz, a federal inmate, who was incarcerated at the Doña Ana County Detention Center on the date of his death. All three Defendants were locked in a medical unit cell with Mr. Gantz at the time of his death.

        On December 31, 2004, an autopsy was performed on Mr. Gantz's body. On that same

day, in the video arraignment room of the Doña Ana Detention Center, Doña Ana Sheriff's Office Investigators Ordonez and Chavez and Sergeant Perea questioned Defendant Cook with regard to the night of Mr. Gantz's death.  Mr. Cook was already housed in the Center awaiting trial in connection with a different case.  During the questioning, Mr. Cook stated that he slept soundly through the night of Mr. Gantz's death.

On November 16, 2006, a federal grand jury indicted Defendants Paul Othello Smalls, Glenn Dell Cook, and Walter Melgar-Diaz in connection with Gantz's death.  The five-count Indictment charges each defendant with: (1) Conspiracy to Retaliate Against a Witness, Victim or an Informant; (2) Retaliating Against a Witness, Victim or an Informant; (3) Conspiracy to Tamper with a Witness, Victim or an Informant; (4) Tampering with a Witness, Victim or an Informant; and (5) Killing a Person Aiding a Federal Investigation (Doc. 1).

On May 9, 2007, the United States filed a Notice of Intent Not to Seek the Death Penalty (Doc. 93).  Defendant Melgar-Diaz pleaded guilty pursuant to a sealed plea agreement on October 26, 2007 (Docs. 166, 169).

On December 18, 2007, Defendant Cook filed a motion (Doc. 192) to suppress any and all statements made by Mr. Cook to law enforcement officers at the Dona Ana County Detention Center (DACC) on December 31, 2004 and any and all evidence obtained directly or indirectly as a result of the statements by the Defendant Cook.  Mr. Cook asserts that suppression of his statement is required because he was not mirandized prior to the statements being taken, and the statements were not voluntary.

On January 23, 2008, the United States filed a Response (Doc. 212) to the Motion to Suppress.  The United States concedes that Mr. Cook's statement was taken without Mr. Cook

being advised of his Miranda rights, and, therefore, the statement cannot be used in its case-in-chief against Mr. Cook. The United States contends, however, that the statement of Mr. Cook was voluntary and, accordingly, his statement could be used for impeachment purposes at trial.

On February 14, 2008, Defendant Cook filed a Reply to the Response by the United States (Doc. 231). In that Reply, Defendant Cook, referring to 18 U.S.C. §3501 stated "the U.S. Code gives the warning of a suspect a prominent place in the listing of factors relevant to the voluntariness inquiry" (Reply at 2) and encouraged the Court to look to the statutory factors in making its determination.

**II    STANDARD**

"The Constitution of the United States stands as a bar against the conviction of any individual in an American court by means of a coerced confession." *Ashcraft et al. v. Tennessee*, 322 U.S. 143. 64 S. Ct. 921, 88 L. Ed. 1192 (1944). A defendant's statement resulting from a custodial interrogation may not be used by the prosecution unless the prosecution establishes that effective procedural safeguards have been used to protect the defendant's constitutional privilege against self incrimination. *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966). When involved in a custodial interrogation, a person must be warned "that he has a right to remain silent, that any statement he does make may be used as evidence against him, that he has the right to the presence of an attorney, either retained or appointed, and that if he cannot afford an attorney, one will be provided for him." *Id.* Failure by an interrogator to give Miranda warnings does not automatically require suppression of the obtained statement, *United States v. McCurdy*, 40 F.3d 1111 (10th Cir. 1004)(citing *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1517 (6th Cir. 1988), because only the use of compelled testimony is prohibited by the

Fifth Amendment. *United States v. McCurdy*, 40 F.3d 1111 (10th Cir. 1004)(citing *United States v. Wiley*, 997 F.2d 378, 383 (8th cir. 1993)).  The right to receive Miranda warnings applies when the person is in custody regarding the crime under investigation, as well as when the person is in jail for a crime entirely separate from the crime under investigation.  *Mathis v. United States*, 391 U.S. 1, 88 S. Ct. 1503, 20 L. Ed. 2d 381 (1968).

In determining whether a person is in custody for Miranda purposes, all relevant facts must be examined from the perspective of a reasonable person in the suspect's position.  *United States v. Griffin*, 7 F.3d 1512 (10th Cir. 1993).  If, objectively, a person in the suspect's position would reasonably believe his freedom of action had been curtailed to a fashion similar to a formal arrest, then he is in custody. *Id.*  Whether the person is the focus of the crime under investigation is not relevant in determining whether the person is in custody. *United States v. Beckwith*, 22 F. Supp. 2d 1270 (D. Utah 1998) (citing *Miranda*, at 445, n. 4.)

Even when *Miranda* warnings have not been provided, a person's statement may be admissible at trial for certain purposes, provided such statement is determined to have been voluntary. *See Oregon v. Elstad,* 470 U.S. 298, 84 L. Ed. 2d 222, 105 S. Ct. 1285 (1985).  "The Supreme Court of the United States has declared that a defendant has the constitutional right 'at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness.'" *United States v. Martinez*, 2006 U.S. Dist. LEXIS 95373 (D. N.M. 2006) (citing *Jackson v Denno*, 378 U.S. at 376-377 (1964 )).  Statements which are voluntary but which were provided by a defendant without him first receiving Miranda warnings are not admissible in the prosecution's case in chief, but are admissible for impeachment purposes as to defendant's credibility, but not guilt, during cross-

examination of the defendant. *See Oregon v. Hass*, 420 U.S. 714, 95 S. Ct. 1215, 43 L. Ed. 2d 570 (1975). The ruling of Miranda cannot be interpreted as allowing the defendant to "testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances." *Oregon v. Hass*, 420 U.S. 714, 95 S. Ct. 1215, 43 L. Ed. 2d 570 (1975).

The Tenth Circuit in *United States v. Lopez*, 437 F.3d 1059 (10th Cir. 2006), quoting *United States v. Toles*, 297 F.3d 959, 966 (10th Cir. 2002), set forth the following list of factors to be considered in determining whether a statement was voluntary: "(1) the age, intelligence, and education of the defendant; (2) the length of the detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to punishment." However, the court in *Lopez* also articulated that before the court deliberates a defendant's personal characteristics, the details of the interrogation must be evaluated, because only if the court concludes that the officer's conduct was coercive are the defendant's personal characteristics relevant. *Id.* (citing *United States v. Erving L.*, 147 F.3d 1240, 1249 (10th Cir. 1998)). *See United States v. Minard*, 208 Fed. App'x. 657, 660 (2006) (unpublished).

In 1968, the United States Congress passed 18 U.S.C. §3501 as an attempt to weaken the requirement that law enforcement officials must give *Miranda* prior to interrogating a person in custody. In passing the statute, Congress intermingled the requirements of *Miranda* with the other factors typically evaluated in determining the voluntariness of a statement. In 2000, after years of not addressing the conflict between 18 U.S.C. §3501 and the holding in *Miranda*, the Supreme Court in *Dickerson v. United States*, 530 U.S. 428, 120 S. Ct. 2326 (2000), held that 18 U.S.C. §3501 could not be sustained under the Federal Constitution, and that *Miranda*, "and

*Miranda*'s progeny in the Supreme Court" continued to govern within both state and federal courts the admissibility of statements made during custodial interrogations.

### III.   ANALYSIS

The parties agree and the facts reflect that Mr. Cook was in custody on December 31, 2004 during his questioning by Investigators Ordonez and Chavez and Sgt. Perea. Mr. Cook who was already incarcerated at the Doña Ana Detention Center was brought from his cell to the video arraignment room at the Center by a corrections officer. He was not advised where he was going or why he was leaving his cell. Mr. Cook was escorted through eight locked doors to a room where the three officers were waiting to meet with him. Mr. Cook could have reasonably believed, at that point, that his freedom of action was curtailed. Mr. Cook was in custody and Miranda warnings should have been provided.

Because Mr. Cook was in custody and Miranda warnings were not provided, the prosecution is not permitted to use the December 31, 2004 statement in its case-in-chief, a fact it acknowledges. In order to decide whether Mr. Cook's statement can be used by the prosecution for impeachment purposes, I must determine whether the statement was voluntary.

Without addressing the effect of *Dickerson* on the relied upon statute, Defendant Cook asserts that the Court should, in making its determination of voluntariness, take into consideration the factors set forth in 18 U.S.C. §3501. As discussed above, the Supreme Court has ruled that the statute cannot be sustained under the U.S. Constitution as it is in conflict with the ruling in *Miranda*. After the holding in *Dickerson*, few courts have even mentioned the statute and the Supreme Court has not further addressed the issue.

Continuing with the Miranda analysis and using Tenth Circuit precedent, I turn to the

issue of voluntariness. Following the holding in *United States v. Lopez*, 437 F.3d 1059 (10th Cir. 2006), I look to whether the officers' conduct was coercive before considering any of the personal characteristics of Mr. Cook. For approximately forty-five minutes, Mr. Cook was interviewed by Investigators Ordonez and Chavez and Sgt. Perea in the video arraignment room at the Doña Ana County Detention Center. Only the four of them were in the room at that time; the room was relatively large. Mr. Cook was not shackled. The officers were in plain clothes and not armed. They wore holsters without guns in them. The officers spoke in a conversational tone and all were seated around a table. The officers did not threaten Mr. Cook or speak loudly to him. Mr. Cook has not asserted that the officers coerced him through their actions at the interrogation other than specifically asking about Mr. Gantz's death. From the facts provided to this Court, I can see no acts of coercion by the officers. Accordingly, I find Mr. Cook's statement was voluntary.

**IT IS THEREFORE ORDERED** that Defendant Glenn Dell Cook's Motion to Suppress Statements and Supporting Authorities (Doc. 192) is **GRANTED** in part and **DENIED** in part. The motion is granted in that Defendant Glenn Dell Cook's statement of December 31, 2004 shall not be used in the prosecution's case-in-chief. The motion is denied because, despite Miranda warnings not being given, Mr. Cook's statement was voluntary. The statement may be used by the prosecution at trial for purposes of impeaching Mr. Cook's credibility.

_____
UNITED STATES DISTRICT JUDGE