IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                   NO. CR 06-2403 RB

PAUL OTHELLO SMALLS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the United States' Motion *In Limine* Regarding Non-Testimonial Evidence, filed on April 14, 2009 (Doc. 512). The Court took up this matter at a hearing held on May 4, 2009. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that any portion of Co-Defendant Glenn Cook's recorded out-of-court statement incriminating himself and others that inculpates Defendant Paul Othello Smalls is inadmissible hearsay. Fed.R.Evid. 802; *Williamson v. United States*, 512 U.S. 594, 599-600 (1994). Therefore, the United States' Motion *In Limine* Regarding Non-Testimonial Evidence is **DENIED**.

**I.    Background.**

This case stems from the December 30, 2004 death of Philip Thomas Gantz, a federal inmate, who, on the date of his death, was incarcerated with Mr. Smalls, Mr. Cook, and Walter Melgar-Diaz in the medical unit of the Doña Ana County Detention Center. On November 16, 2006, a federal grand jury indicted Mr. Smalls, Mr. Cook, and Mr. Melgar-Diaz, charging each with: (Count 1) Conspiracy to Retaliate Against a Witness, Victim or an Informant; (Count 2) Retaliating

Against a Witness, Victim or an Informant; (Count 3) Conspiracy to Tamper with a Witness, Victim or an Informant; (Count 4) Tampering with a Witness, Victim or an Informant; and (Count 5) Killing a Person Aiding a Federal Investigation.

On May 9, 2007, the United States filed a Notice of Intent Not to Seek the Death Penalty. Mr. Melgar-Diaz pleaded guilty pursuant to a sealed plea agreement on October 26, 2007. On May 7, 2008, the Court severed the trials of Mr. Smalls and Mr. Cook, concluding that the admission into evidence of Mr. Cook's recorded statement to a fellow inmate incriminating himself, Mr. Smalls, and Mr. Melgar-Diaz would violate Mr. Smalls' Sixth Amendment Confrontation Clause rights. *See United States v. Bruton*, 391 U.S. 123, 137 (1968).

On April 14, 2009, the United States moved the Court for a pre-trial order, admitting Mr. Cook's recorded out-of-court statement incriminating himself and others into evidence. The United States argues that the statement is non-testimonial hearsay and, therefore, does not have any bearing on Mr. Smalls' Confrontation Clause rights. *See Davis v. Washington*, 547 U.S. 813, 823 (2006). The United States further contends that, although Mr. Cook's incriminating statement is hearsay, it constitutes a statement against penal interest and, therefore, is admissible under Federal Rule of Evidence 804(b)(3). Mr. Smalls counters that Mr. Cook's incriminating statement is testimonial hearsay and, therefore, it would violate Mr. Smalls' Confrontation Clause rights to allow any portion of the statement to be admitted into evidence against him.

**II.     Discussion.**

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court's Confrontation Clause jurisprudence is almost exclusively focused on legal questions that relate to the conditions under which hearsay may be admitted in criminal

prosecutions. *Crawford v. Washington*, 541 U.S. 36, 53 (2004) (stating that "even if the Sixth Amendment is not solely concerned with testimonial hearsay, that is its primary object"). Prior to *Crawford*, Supreme Court precedent addressing Confrontation Clause rights held that testimonial hearsay was admissible only if (1) the declarant was unavailable and (2) the statement either fell within "a firmly rooted exception to the hearsay rule" or bore "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). In *Crawford*, the Supreme Court abrogated the *Roberts* framework, holding that testimonial hearsay may be admitted against a criminal defendant at trial "only where the declarant is unavailable and only where the defendant has a prior opportunity to cross-examine." *Crawford*, 541 U.S. at 59. Thus, assuming that Mr. Cook's recorded out-of-court statement incriminating himself and others constituted "testimonial hearsay," it would clearly violate Mr. Smalls' Confrontation Clause rights to allow any portion of this statement to be admitted into evidence against him, as Mr. Smalls has not and almost certainly will not have an opportunity to cross-examine Mr. Cook. *Id.*

However, "not all hearsay implicates the Sixth Amendment's core concerns." *Id.* at 51. For example, the Supreme Court has held that the Confrontation Clause does not apply to non-testimonial hearsay. *Davis*, 547 U.S. at 823. It would be an understatement to say that the Supreme Court's distinction between testimonial and non-testimonial hearsay is a bit obscure. *See United States v. Summers*, 414 F.3d 1287, 1300 (10th Cir. 2005). The Tenth Circuit Court of Appeals has attempted to clarify the distinction by instructing that "a statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that his statement might be used in the investigation or prosecution of a crime." *Id.* at 1302. Even so, because the distinction between testimonial and non-testimonial hearsay remains an area of the law that is not well defined, the Court will first determine whether Mr. Cook's incriminating statement would be admissible hearsay as

3

against Mr. Smalls even if it was found to be non-testimonial. Indeed, before embarking on an analytic journey "where angels and even Justices fear to tread," it behooves the prudent judge to first analyze potentially dispositive legal issues that are more clear cut. *See Id.* at 1300 (stating that, in distinguishing between testimonial and non-testimonial hearsay, "we are left to go where angels and even Justices fear to tread").

There is no question that the United States seeks to introduce Mr. Cook's out-of-court statement incriminating himself and others into evidence for the purpose of proving the truth of the matter asserted. *See* Fed.R.Evid. 801. Because Mr. Cook's statement clearly constitutes hearsay, it is "not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed.R.Evid. 802. The United States asserts that Mr. Cook's incriminating statement is admissible as a statement against penal interest. Fed.R.Evid. 804(b)(3). Federal Rule of Evidence 804(b)(3) provides that a statement against penal interest is not excluded by the hearsay rule if the declarant is unavailable as a witness. *Id.* The parties reasonably assume that Mr. Cook will assert his Fifth Amendment privilege against self-incrimination, rendering him unavailable as a witness. *See* U.S. CONST. amend. V; Fed.R.Evid. 804(a)(1). Federal Rule of Evidence 804(b)(3) defines a statement against penal interest as "[a] statement which ... so far tended to subject the declarant to ... criminal liability that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed.R.Evid. 804(b)(3).

A residual benefit of the now-abrogated *Roberts* framework is that the Supreme Court produced a corpus of interpretative guidance for determining whether a hearsay statement fits within a firmly rooted exception to the hearsay rule. *See Crawford*, 541 U.S. at 60-69 (noting that, in abrogating the *Roberts* framework, the Supreme Court did not repudiate the precedential value of

pre-*Crawford* opinions for use in evaluating whether, for purposes of evidentiary rulings, a particular hearsay statement would fall within "a firmly rooted exception to the hearsay rule"). For example, in *Lilly v. Virginia*, 527 U.S. 116 (1999), the Supreme Court examined the legal issue of whether a statement against penal interest that was offered as evidence by the prosecution to establish the guilt of an alleged accomplice of the declarant fell within a firmly rooted exception to the hearsay rule. *Id.* at 125-134. The plurality in *Lily* explicitly determined "that accomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule." *Id.* at 134. The Tenth Circuit later concluded that the holdings of the four-Justice *Lilly* plurality constituted clearly established federal law. *Stevens v. Ortiz*, 465 F.3d 1229, 1237 (10th Cir. 2006). Moreover, the Tenth Circuit has interpreted the phrase "firmly rooted exception to the hearsay rule" as being those exceptions to the hearsay rule that are listed in the Federal Rules of Evidence. *See United States v. Gomez*, 191 F.3d 1214, 1221 (10th Cir. 1999).

The United States asserts that Mr. Cook's entire recorded out-of-court statement incriminating himself and others constitutes a statement against penal interest that can be admitted into evidence against Mr. Smalls. Supreme Court and Tenth Circuit precedent, however, suggests otherwise. Indeed, the Supreme Court has "taken great care" to distinguish between statements that are purely self-inculpatory and statements that include self-inculpatory material but also seek to shift or spread the blame to an accomplice. *Lilly*, 527 U.S. at 127. The Supreme Court has "consistently either stated or assumed that the mere fact that one accomplice's confession qualified as a statement against his penal interest did not justify its use as evidence against another person." *Id.* at 128. Confessions that also inculpate an accomplice are considered "presumptively unreliable." *Lee v.*

*Illinois*, 476 U.S. 530, 539 (1986).[1] Indeed, "portions of a statement exposing a declarant to criminal liability [add] no reliability to the non-self-inculpatory parts of the statement that inculpate a co-defendant." *Stevens*, 465 F.3d at 1238.

The Supreme Court has adhered to this approach in construing the Federal Rules of Evidence. *Id.* at 132. For example, the Supreme Court has explicitly determined that Federal Rule of Evidence 804(b)(3) covers only those declarations or remarks within the confession that are "individually self-inculpatory." *Williamson*, 512 U.S. at 599. "The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." *Id.* at 599-600. Notably, the fact that a custodial statement is voluntary "does not bear on the question of whether the confession was also free from any desire, motive, or impulse [the declarant] may have had either to mitigate the appearance of his own culpability by spreading the blame or to overstate [the defendant's] involvement" in the crime. *Lee*, 476 U.S. at 544. Moreover, the Supreme Court has rejected the argument that evidence corroborating a hearsay statement supports a finding of trustworthiness. *Idaho v. Wright*, 497 U.S. 805, 822 (1990); *see also Lilly*, 527 U.S. at 137 (stating "[t]hat other evidence at trial corroborated portions of [the declarant's] statements is irrelevant"). Thus, the Supreme Court and Tenth Circuit have consistently viewed accomplices' statements that "shift or spread the blame to a criminal defendant" as falling outside Federal Rule of Evidence 804(b)(3). *See Lilly*, 527 U.S. at 133; *Stevens*, 465 F.3d at 1238.

---

[1] It is noteworthy that even the dissenting Justices in *Lee* characterized confessions that also inculpate an accomplice as "untrustworthy precisely because they are *not* unambiguously adverse to the penal interest of the declarant." *Lee*, 476 U.S. at 552 (Blackmun, J., dissenting).

It is noteworthy that the United States chose not to deal with the significant body of law dealing with self-inculpatory hearsay statements that also inculpate an accomplice, relying almost exclusively on an unpublished opinion from the Second Circuit Court of Appeals to support the proposition that Mr. Cook's hearsay statement incriminating himself and others is admissible as a statement against interest. *See United States v. Pike*, 292 Fed. Appx. 108, 112 (2nd Cir. 2008) (unpublished). In *Pike*, the Second Circuit perfunctorily concluded that the district court did not abuse its discretion by admitting into evidence the non-testimonial statement of a jailhouse informant declaring that the co-defendant had admitted to killing two people at the defendant's behest. *Id*. In a more detailed previous opinion, however, the Second Circuit noted that the determination of whether a statement is sufficiently self-inculpatory to be admitted under Federal Rule of Evidence 804(b)(3) must be made on a case-by-case basis. *United States v. Williams*, 506 F.3d 151, 155 (2nd Cir. 2007). The Second Circuit further concluded that the context of the statement was the most important factor in determining whether a hearsay statement was sufficiently self-inculpatory to be admitted under Federal Rule of Evidence 804(b)(3), noting that attempts to minimize culpability, shift blame, or curry favor with authorities tend to render hearsay statements inadmissible. *Id*.

Because the *Pike* opinion provides only cursory analysis as to what made the hearsay statement at issue in that case sufficiently self-inculpatory to be admitted under Federal Rule of Evidence 804(b)(3), the Court has no real basis for setting aside clear Supreme Court and Tenth Circuit precedent that is otherwise directly on point. Indeed, the Tenth Circuit, interpreting the Supreme Court's holding in *Lilly*, has expressly stated that "an accomplice's custodial confession inculpating a defendant–no matter how much the statement incriminates the declarant–does not fall within a firmly rooted exception to the hearsay rule." *Stevens*, 465 F.3d at 1238. Furthermore, the

context of Mr. Cook's statement renders it inadmissible under Federal Rule of Evidence 804(b)(3). *See Lilly*, 527 U.S. at 133; *Williamson*, 512 U.S. at 599-600. Mr. Cook was an accomplice who was interrogated by an agent of the government while in custody, rendering his statement presumptively unreliable. *See Stevens*, 465 F.3d at 1241. Moreover, Mr. Cook attempted at various points in his statement to exculpate himself, to downplay the death as not intentional, and to shift much of the blame for the death of Mr. Gantz to his co-defendants. *See Williamson*, 512 U.S. at 599-600 (1994). Thus, any portion of Mr. Cook's recorded out-of-court statement that inculpates Mr. Smalls is clearly inadmissible hearsay. Fed.R.Evid. 802; *Williamson*, 512 U.S. at 599-600.

### III.   Conclusion.

Regardless of whether Mr. Cook's out-of-court statement incriminating himself and others constitutes testimonial or non-testimonial hearsay, any portion of the statement that inculpates Mr. Smalls is inadmissible hearsay. *Id.*

**WHEREFORE,**

**IT IS ORDERED** that the United States' Motion *In Limine* Regarding Non-Testimonial Evidence is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**