## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 06-2403 RB |
| ) | |
| ) | |
| PAUL OTHELLO SMALLS and ) | |
| GLENN DELL COOK, ) | |
| ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Rejoin Defendants for Trial, (Doc. 565), filed on May 14, 2010. Defendants filed responses in opposition to this motion and the Government filed replies to the responses. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court grants this motion.

**I.   Background.**

On December 30, 2004, Philip Thomas Gantz, a federal inmate, was found dead in a four-person cell inside the medical unit at the Doña Ana County Detention Center. Defendants Glenn Dell Cook, Paul Othello Smalls, and Walter Melgar-Diaz were locked in the cell with Mr. Gantz.

On November 16, 2006, a federal grand jury indicted Defendants, and Mr. Melgar-Diaz, in connection with Mr. Gantz's death. The five-count Indictment charged each defendant with: (1) conspiracy to retaliate against a witness, victim, or an informant; (2) killing Mr. Gantz with intent to retaliate against a witness, victim, or an informant; (3) conspiracy to tamper with a witness, victim, or an informant; (4) killing Mr. Gantz with intent to tamper with a witness, victim, or an informant; and (5) killing Mr. Gantz, a person aiding a federal investigation.

On January 11, 2007, the case was designated complex. On May 9, 2007, the United States filed a Notice of Intent Not to Seek the Death Penalty. On October 26, 2007, Mr. Melgar-Diaz pleaded guilty to the indictment pursuant to a sealed plea agreement.

On September 29, 2008, this Court granted Mr. Cook's motion to suppress his recorded statement made to a confidential informant (CI) in June 2005, on the ground that the statement violated *Miranda v. Arizona*, 384 U.S. 436 (1966). On November 4, 2008, the Court denied the Government's motion to reconsider the ruling. On December 2, 2008, the Government appealed. On April 5, 2010, the Tenth Circuit reversed and remanded, holding that *Miranda* was inapplicable. *United States v. Cook*, 599 F.3d 1208, 1216 (10th Cir. 2010). The mandate was filed on April 27, 2010.

On May 13, 2009, the Court denied the Government's motion in limine regarding non-testimonial evidence. The Court found that any portion of Mr. Cook's statement to the CI that inculpates Mr. Smalls was inadmissible hearsay. On May 18, 2009, the United States appealed. On May 3, 2010, the Tenth Circuit reversed, holding that the statement to the CI was nontestimonial hearsay and therefore not subject to the Confrontation Clause, and remanded for determination of what parts of the statement are admissible under the Federal Rules of Evidence. *United States v. Smalls*, 605 F.3d 765, 786 (10th Cir. 2010). The mandate was filed on May 25, 2010.

On May 7, 2008, this Court granted Mr. Smalls' motion to sever based on *Bruton v. United States*, 391 U.S. 123 (1968). The Court held that the alternative grounds for separate trials advanced by Mr. Smalls did not warrant severance. In *United States v. Smalls*, however, the Tenth Circuit observed that "the *Bruton* rule, like the Confrontation Clause upon which it is premised, does not apply to nontestimonial hearsay statements." *Smalls*, 605 F.3d at 768 n. 2. In that the Tenth Circuit has held that *Bruton* is inapplicable, the Court finds it appropriate to revisit its decision to hold a

separate trial for each Defendant.

## II. Discussion.

### A. Whether the Court has jurisdiction.

The Tenth Circuit issued its mandate as to Mr. Cook on April 27, 2010, and its mandate as to Mr. Smalls on May 25, 2010. The mandates were effective when issued. Fed. R. App. P. 41(c). At a status conference on May 6, 2010, Mr. Cook indicated that he intended to file a petition for a writ of certiorari. The filing of a petition for a writ of certiorari would not divest this Court of jurisdiction. If Mr. Cook petitions for certiorari, he may move to stay the mandate. Stays of execution pending Supreme Court review are governed by 28 U.S.C. § 2101(f), which makes clear that only an appellate court, or a justice of the Supreme Court, has jurisdiction to stay an appellate court's final judgment pending Supreme Court review of a petition for writ of certiorari:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . .

28 U.S.C. § 2101(f); *see also* Fed. R. App. P. 41(d)(2).

To date, there is no indication that either defendant has obtained a stay of either of the mandates. Thus, this Court has jurisdiction over this matter.

### B. Whether separate trials should be held.

"The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. Fed. R. Crim. P. 8(b). The Supreme Court has instructed federal courts to interpret the requirements of Rule 8(b) liberally in favor of joinder, stating: "[t]here is a preference in the federal

3

system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation omitted). Rule 8(b) is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials, but only so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *Zafiro*, 506 U.S. at 540. The question of misjoinder is a question of law. *United States v. Cardall*, 885 F.2d 656, 667 (10th Cir. 1989).

All the charges relate to one incident, namely the killing of Mr. Gantz. The incident arises from the same course of conduct, by the same three actors, during a one-week time period. The facts alleged in the indictment indicate that the evidence against Mr. Cook and Mr. Smalls will overlap.[1] Additionally, Count 1 and Count 3 charge Mr. Cook and Mr. Smalls with conspiracy to retaliate and tamper with a witness. When individuals conspire with each other, they invite a joint trial by their conduct. *Kotteakos v. United States*, 328 U.S. 750, 773 (1946). In that Mr. Cook and Mr. Smalls are alleged to have participated in the same acts and conspiracies constituting the charged offenses, joinder is legally appropriate under Rule 8(b).

Even where defendants are properly joined, the trial court may nevertheless grant severance under Rule 14, if joinder would prejudice one of the parties. *See* Fed. R. Crim. P. 14. According to Rule 14, if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the Government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a)

---

[1] Specifically, the indictment alleges that Defendants began to discuss killing Mr. Gantz because he was a snitch on December 23, 2004, and that, during the early morning hours of December 30, 2004, Defendants killed Mr. Gantz by strangulation as follows: Mr. Smalls held Mr. Gantz's legs down in his bunk, Mr. Cook held Mr. Gantz's arms and torso down in his bunk, and Mr. Melgar-Diaz held a plastic bag over Mr. Gantz's face.

Given the permissive wording of Rule 14, the Tenth Circuit has "long recognized that the decision to grant severance under Rule 14 rests within the discretion of the district court and the burden . . . to show an abuse of discretion in this context is a difficult one." *United States v. Olsen*, 519 F.3d 1096, 1102 (10th Cir. 2008) (internal quotation omitted). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." *United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005) (citation omitted). "To establish an abuse of discretion, a defendant must make a strong showing of actual prejudice." *Id*.

In response to the Government's motion, Mr. Cook and Mr. Smalls contend that the trials should remain severed based on *Bruton* considerations. The Tenth Circuit's clarification that the statement to the CI does not implicate the Confrontation Clause eliminates *Bruton* as a factor supporting severance. *Smalls*, 605 F.3d at 768 n. 2. Mr. Cook's contention that jail surveillance videos of Mr. Smalls showing alleged non-verbal assertions would implicate *Bruton* is similarly unavailing. The gestures on the videos would be nontestimonial evidence subject to Rule 804(b)(3), rather than *Bruton*. Simply put, such evidence would not justify separate trials.

Additionally, Mr. Cook urges that the portions of the statement to the CI that implicate Mr. Smalls are inadmissible hearsay with respect to Mr. Smalls. This argument is foreclosed by *Smalls*, wherein the Tenth Circuit discussed, in detail, the application of Rule 804(b)(3) to the statement and concluded that, with the possible exception of a few arguably exculpatory remarks, the statement was admissible under Rule 804(b)(3), subject to the Rule 403 balancing test. *Smalls*, 605 F.3d at 783-87. Thus, contrary to Mr. Cook's argument, substantial portions of the statement are subject to the Rule 804(b)(3) hearsay exception and may well be admissible for their truth, as to both Mr. Cook and Mr. Smalls.

Defendants have neither shown that the *Bruton* rule is implicated nor that substantial portions of the statement to the CI are inadmissible hearsay with respect to Mr. Smalls. None of the alternative grounds for separate trials advanced by Mr. Smalls in his Motion to Sever support severance. Having weighed the expense and inconvenience to the Government of separate trials against the possibility of prejudice to Defendants, the Court concludes that separate trials are not warranted in this case.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Rejoin Defendants for Trial, (Doc. 565), filed on May 14, 2010, is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**