# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

NOV 16 2011

MATTHEW J. DYKMAN
CLERK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CR 06-2403 RB |
| | ) | |
| PAUL OTHELLO SMALLS, | ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case - for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case; and, finally, I will explain the procedures you should follow in your deliberations and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened - that is, in reaching your decision as to the facts - it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

# INSTRUCTION NO. 3

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require the defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# INSTRUCTION NO.  4

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

# INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence; that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the

same way as that of any other witness.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## INSTRUCTION NO. 7

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that, at some other time, the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. You heard testimony from Keith Broomfield, Garry Ragan, David Ferralez, Roberto Tercero, Dr. Abraham Fiszbein, and Dr. Sam Roll regarding prior statements by witnesses who testified at trial that may have been inconsistent with those witnesses' trial testimony. These earlier statements were brought to your attention only to help you decide how believable their testimony in this trial was. You cannot use these earlier statements as proof of anything else. You can only use these earlier statements as one way of evaluating their testimony here in court. Prior statements that were admitted into evidence during this trial may be considered by you just like any other substantive evidence.

## INSTRUCTION NO. 8

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years.  This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial.  The fact that the defendant has been convicted of another crime does not mean that he committed the crimes charged in this case, and you must not use his prior conviction as proof of the crimes charged in this case.  You may find him guilty of the crimes charged here only if the government has proved beyond a reasonable doubt that he committed them.

## INSTRUCTION NO. 9

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. A prior conviction does not mean that a witness is not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior felony conviction that was used to impeach a witness.

# INSTRUCTION NO. 10

The government called as witnesses alleged accomplices, who were named as co-defendants in the Indictment. The government has entered into plea agreements with the co-defendants, providing for the possibility of a recommendation of a lesser sentence than the co-defendants would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict. However, you should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. The fact that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

## INSTRUCTION NO. 11

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## INSTRUCTION NO. 12

You will note that the Indictment charges that the crimes were committed from on or about December 25, 2004 to on or about December 30, 2004. The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near from on or about December 25, 2004 to on or about December 30, 2004.

# INSTRUCTION NO. 13

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the defendant has been proved guilty of the crimes charged.

## INSTRUCTION NO. 14

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

# INSTRUCTION NO. 15

Evidence has been presented about statements attributed to the defendant alleged to have been made after the commission of the crimes charged in this case but not made in court.  Such evidence should always be considered by you with caution and weighed with care.  You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement.  For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances.   If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

## INSTRUCTION NO.  16

The defendant is on trial before you upon an Indictment brought by the grand jury

charging as follows:

### COUNT 1

From on or about December 25, 2004, and continuing to on or about December 30,

2004, in Doña Ana County, in the  District of New Mexico, and elsewhere, the

defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and**

**WALTER MELGAR-DIAZ,** did unlawfully, knowingly and intentionally combine,

conspire, confederate and agree, together and with each other and with other persons

whose names are known and unknown to the grand jury, to kill Philip Thomas Gantz,

with the intent to retaliate against Philip Thomas Gantz for providing to a law

enforcement officer information relating to the commission or possible commission of a

federal offense, in violation of 18 U.S.C. § 1513(a)(1)(B), 18 U.S.C. § 1513(a)(2)(A), and

18 U.S.C. § 2.

### Overt Act 1

The defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a**

**"Deuce," and WALTER MELGAR-DIAZ,** beginning on or about December 23, 2004

and at all times relevant to this indictment, housed together with Philip Thomas Gantz in

a four-person cell in the medical unit at the Doña Ana County Detention Center and, on or

about December 25, 2004, began to discuss killing Philip Thomas Gantz, who was

cooperating with federal law enforcement by providing information regarding narcotics

trafficking in the Roswell, New Mexico area, because he was a "snitch."

## Overt Act 2

In or about the early morning hours of December 30, 2004, the defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and WALTER MELGAR-DIAZ,** killed Philip Thomas Gantz by strangulation, as follows:  **PAUL OTHELLO SMALLS** held Gantz's legs down in his bunk, **GLENN DELL COOK, a/k/a "Deuce,"** held Gantz's arms and torso down in his bunk, and **WALTER MELGAR-DIAZ** held a plastic bag over Gantz's face.

In violation of 18 U.S.C. § 1513(e) (now codified at 18 U.S.C. § 1513(f)).

## COUNT 2

On or about December 30, 2004, in Doña Ana County, in the District of New Mexico, the defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and WALTER MELGAR-DIAZ,** did knowingly kill Philip Thomas Gantz with intent to retaliate against Philip Thomas Gantz for providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

In violation of 18 U.S.C. § 1513(a)(1)(B), 18 U.S.C. § 1513(a)(2)(A), and 18 U.S.C. § 2.

## COUNT 3

From on or about December 25, 2004, and continuing to on or about December 30, 2004, in Doña Ana County, in the District of New Mexico, and elsewhere, the defendants,

**PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and WALTER MELGAR-DIAZ,** did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, together and with each other and with other persons whose names are known and unknown to the grand jury, to kill Philip Thomas Gantz to prevent the attendance and testimony of Philip Thomas Gantz in an official proceeding and to prevent the communication by Philip Thomas Gantz to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense, in violation of Title 18 U.S.C. §1512 (a)(1)(A), 18 U.S.C. § 1512(a)(1)(C), and 18 U.S.C. § 2.

In violation of Title 18 U.S.C. § 1512(k).

## COUNT 4

On or about December 30, 2004, in Doña Ana County, in the District of New Mexico, the defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and WALTER MELGAR-DIAZ,** did kill Philip Thomas Gantz with the intent to prevent the attendance and testimony of Philip Thomas Gantz in an official proceeding and to prevent the communication by Philip Thomas Gantz to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense.

In violation of Title 18 U.S.C. § 1512(a)(1)(A), 18 U.S.C. § 1512(a)(1)(C), and 18 U.S.C. § 2.

## COUNT 5

On or about December 30, 2004, in Doña Ana County, in the District of New Mexico, the defendants, **PAUL OTHELLO SMALLS, GLENN DELL COOK, a/k/a "Deuce," and WALTER MELGAR-DIAZ,** did intentionally kill Philip Thomas Gantz, who was assisting a federal criminal investigation, while that assistance was being rendered and because of it.

In violation of 18 U.S.C. § 1121(a)(2) and 18 U.S.C. § 2.

**INSTRUCTION NO. 17**

The defendant is charged in Count 1 of the Indictment with a violation of 18 U.S.C. § 1513(e)(now codified at 18 U.S.C. § 1513(f)).

This law makes it a crime for anyone to conspire with someone else to violate federal law relating to the retaliation against a person who provides information to law enforcement. In this case, the defendant is charged with conspiracy to kill Philip Thomas Gantz with the intent to retaliate against Philip Thomas Gantz for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  two or more persons agreed to kill Philip Thomas Gantz to retaliate against Philip Thomas Gantz for providing information to a law enforcement officer relating to the commission of a federal offense;

*Second*:  the defendant knew the essential objective of the conspiracy;

*Third*:  the defendant knowingly and voluntarily involved himself in the conspiracy; and

*Fourth*:  there was interdependence among the members of the conspiracy.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

**INSTRUCTION NO. 18**

The defendant is charged in Count 2 of the Indictment with a violation of 18 U.S.C. § 1513(a)(1)(B).

This law makes it a crime to kill another person to retaliate against any person for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly killed Philip Thomas Gantz; and

*Second*: the defendant did so with the intent to retaliate against Philip Thomas Gantz for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense.

**INSTRUCTION NO. 19**

The defendant is charged in Count 3 of the Indictment with a violation of 18 U.S.C. § 1512(k).

This law makes it a crime for anyone to conspire with someone else to violate federal law relating to tampering with a witness or a person who provided information to law enforcement. In this case, the defendant is charged with conspiracy to kill Philip Thomas Gantz to prevent the attendance and testimony of Philip Thomas Gantz in an official proceeding or to prevent Philip Thomas Gantz from providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: two or more persons agreed to kill Philip Thomas Gantz to prevent Philip Thomas Gantz from attending or testifying at an official proceeding or providing information to law enforcement relating to the commission of a federal offense;

*Second*: the defendant knew the essential objective of the conspiracy;

*Third*: the defendant knowingly and voluntarily involved himself in the conspiracy; and

*Fourth*: there was interdependence among the members of the conspiracy.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each

member becomes the agent or partner of every other member.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must next determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

**INSTRUCTION NO. 20**

Your verdict must be unanimous.  In the Indictment, Count 3 has alternative theories of guilt.  Under Count 3, the government has alleged that Paul Othello Smalls conspired to kill Philip Thomas Gantz with intent to:

(1) prevent the attendance or testimony of Philip Thomas Gantz in an official federal proceeding; or

(2) prevent Philip Thomas Gantz from providing information to a federal law enforcement officer relating to the commission or possible commission of a federal offense.

In order to return a guilty verdict under Count 3, all twelve of you must agree that Paul Othello Smalls conspired to kill Philip Thomas Gantz intending to achieve one of the goals described above.

# INSTRUCTION NO. 21

The defendant is charged in Count 4 of the Indictment with a violation of 18 U.S.C. §§ 1512(a)(1)(A) and (a)(1)(C).

This law makes it a crime for anyone knowingly to kill another person with the intent to prevent the attendance or testimony of any person in an official proceeding or to prevent the communication by any person to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly killed Philip Thomas Gantz; and

*Second*: the defendant did so with the intent to prevent the attendance or testimony of Philip Thomas Gantz at an official court proceeding or to prevent Philip Thomas Gantz from providing information to a federal law enforcement officer relating to the commission or possible commission of a federal offense.

# INSTRUCTION NO. 22

Your verdict must be unanimous. In the Indictment, Count 4 has alternative theories of guilt. Under Count 4, the government has alleged that Paul Othello Smalls killed Philip Thomas Gantz with the intent to:

(1) prevent the attendance or testimony of Philip Thomas Gantz in an official federal proceeding; or

(2) prevent Philip Thomas Gantz from providing information to a federal law enforcement officer relating to the commission or possible commission of a federal offense.

In order to return a guilty verdict under Count 4, all twelve of you must agree that Paul Othello Smalls killed Philip Thomas Gantz intending to achieve one of the goals described above.

# INSTRUCTION NO. <u>23</u>

The defendant is charged in Count 5 of the Indictment with a violation of 18 U.S.C. § 1121(a)(2).

This law makes it a crime to intentionally kill a person assisting a federal criminal investigation, while that assistance is being rendered and because of that assistance.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly and intentionally killed Philip Thomas Gantz;

*Second:* Philip Thomas Gantz was assisting a federal criminal investigation at the time; and

*Third:* the defendant killed Philip Thomas Gantz because Philip Thomas Gantz was assisting in that federal criminal investigation.

## INSTRUCTION NO. 24

Each count of the Indictment also charges a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  someone else committed the charged crime, and

*Second*:  the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

## INSTRUCTION NO. 25

In a moment, Jessica will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges - judges of the facts. You must decide

whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or social networking website such as Facebook, MySpace, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue. Under no circumstances should you reveal to me the numerical division of the jury.